# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------X
EVA COLEMAN a/k/a EVA FEDER,

Plaintiff,

-against-

TRANS UNION LLC
a/k/a TRANS UNION (OF DELAWARE), LLC,
Defendant.
---------------------------------------------------------------------X

Index No.: ______________/2026

**VERIFIED COMPLAINT AND JURY DEMAND**

Plaintiff EVA COLEMAN a/k/a EVA FEDER ("Plaintiff"), by her attorney, Elliot M. Elo, Esq. of THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC, as and for her verified complaint against Defendant TRANS UNION LLC a/k/a TRANS UNION (OF DELAWARE), LLC ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought by an individual consumer against a consumer reporting agency for willful and negligent violations of section 609(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(a).

2. On or about June 24, 2026, Plaintiff requested from Defendant a full disclosure of all information in her consumer file.

3. In response, Defendant delivered to Plaintiff a fifty-seven page document that Defendant itself admits contains account numbers that were "partially masked, and in some cases scrambled", that omits every monthly balance and past due amount from the payment history of Plaintiff's derogatory accounts, that displays remark codes in a garbled and unintelligible form, and that fails to clearly identify the sources of the information in Plaintiff's file.

4. Defendant's consumer file disclosure therefore failed to clearly and accurately disclose all information in Plaintiff's file at the time of her request, in violation of 15 U.S.C. § 1681g(a)(1), and failed to clearly and accurately disclose the sources of that information, in violation of 15 U.S.C. § 1681g(a)(2).

5. This action does not assert any claim that any item of information in Plaintiff's consumer file is substantively inaccurate, and no allegation herein should be construed as a claim under 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i.

## PARTIES

6. Plaintiff EVA COLEMAN a/k/a EVA FEDER is a natural person who resides in Brooklyn, New York 11230, in the County of Kings, State of New York.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) because she is an individual.

8. Defendant TRANS UNION LLC a/k/a TRANS UNION (OF DELAWARE), LLC is a Delaware limited liability company with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661.

9. Defendant is authorized to do business in the State of New York, where it is registered with the New York Department of State under DOS ID 2331915 and under the fictitious name TRANS UNION (OF DELAWARE), LLC because its true legal name was unavailable in New York.

10. Defendant has been registered with the New York Department of State continuously since January 6, 1999, lists a service of process address of Attn: Tax Department, 555 West Adams Street, Chicago, Illinois 60661, and maintains Corporation Service Company, 80 State Street, Albany, New York 12207, as its registered agent in New York.

11. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) because, for monetary fees, dues, or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports.

12. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis within the meaning of 15 U.S.C. § 1681a(p).

13. At all times relevant hereto, Defendant assembled, evaluated, maintained, and sold consumer information concerning Plaintiff, and maintained a consumer file concerning Plaintiff within the meaning of 15 U.S.C. § 1681a(g).

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action because state courts have concurrent jurisdiction over claims arising under the FCRA pursuant to 15 U.S.C. § 1681p.

15. This Court has general personal jurisdiction over Defendant pursuant to CPLR 301 because Defendant is registered to do business in New York and maintains a continuous and systematic course of business in New York.

16. This Court also has specific personal jurisdiction over Defendant pursuant to CPLR 302(a)(1) because Defendant transacts business within New York, including by maintaining and selling consumer files and consumer reports concerning New York consumers such as Plaintiff, and Plaintiff's claims arise from those transactions.

17. Venue is proper in Kings County pursuant to CPLR 503(a) because Plaintiff resides in Kings County.

18. This action was commenced within two years after the date of Plaintiff's discovery of the violations alleged herein and within five years after the date on which the violations occurred, and is therefore timely under 15 U.S.C. § 1681p.

## STATUTORY FRAMEWORK

19. Congress enacted the FCRA in 1970 upon a finding that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy", 15 U.S.C. § 1681(a)(4).

20. Section 1681g(a) of the FCRA provides in relevant part that "[e]very consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request".

21. Section 1681g(a)(2) of the FCRA further requires every consumer reporting agency to clearly and accurately disclose to the consumer "[t]he sources of the information" in the consumer's file.

22. Section 1681a(g) of the FCRA provides that "[t]he term 'file', when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored".

23. The statutory command of section 1681g(a)(1) therefore has two independent components: the disclosure must include all information in the consumer's file, and the disclosure of that information must be both clear and accurate.

24. A consumer file disclosure that withholds, masks, scrambles, truncates, or garbles information recorded and retained by the consumer reporting agency does not disclose "all information in the consumer's file" and is neither clear nor accurate.

25. The purpose of section 1681g(a) is to enable the consumer to see everything the consumer reporting agency maintains about her so that she can identify each account, compare the file against her own records, detect inaccuracies, mixed file content, or identity theft, and exercise her dispute rights under 15 U.S.C. § 1681i.

26. *See Cortez v. Trans Union, LLC*, 617 F.3d 688, 711-12 (3d Cir. 2010) (holding that the section 1681g(a) file encompasses all information about the consumer that the agency retains and provides to potential users, however denominated).

27. A consumer suffers a concrete informational injury sufficient to sue where the statute entitles her to information, the information is withheld or obscured, and the deprivation causes the type of harm Congress sought to prevent, including impairment of the consumer's ability to understand her own file, *see Kelly v. RealPage Inc.*, 47 F.4th 202, 212-14 (3d Cir. 2022) (informational injury under section 1681g); *see also Tailford v. Experian Info. Sols.*, Inc., 26 F.4th 1092, 1100 (9th Cir. 2022) (describing the breadth of the section 1681g file disclosure obligation).

**<u>FACTUAL ALLEGATIONS</u>**

28. On or about June 24, 2026, Plaintiff requested a full disclosure of all information in her consumer file from Defendant through Defendant's own online consumer disclosure service, the TransUnion Online Service Center located at service.transunion.com.

29. Plaintiff's request was a request for her complete consumer file disclosure within the meaning of 15 U.S.C. § 1681g(a).

30. In response to Plaintiff's request, Defendant generated and delivered to Plaintiff a document entitled "Personal Credit Report" bearing File Number 458287880 and a creation date of June 24, 2026 (the "Disclosure").

31. The Disclosure consists of fifty-seven pages as rendered by Defendant's own online service.

32. A true and correct copy of the Disclosure is attached hereto as Exhibit A and is incorporated herein by reference.

33. The Disclosure was the only consumer file disclosure Defendant provided to Plaintiff in response to her request.

34. The Disclosure identifies Plaintiff by the name EVA FEDER, lists her former name EVA COLEMAN, lists four addresses, two telephone numbers, a masked Social Security number, and a date of birth, and reports numerous credit accounts, inquiries, and third party supplemental information concerning Plaintiff.

## TRUNCATED AND SCRAMBLED ACCOUNT NUMBERS

35. In the Disclosure, in the section entitled "Accounts with Adverse Information", Defendant stated in its own words: "For your protection, your account numbers have been partially masked, and in some cases scrambled."

36. In the Disclosure, in the section entitled "Satisfactory Accounts", Defendant repeated the same admission in its own words: "For your protection, your account numbers have been partially masked, and in some cases scrambled."

37. Defendant's admission that account numbers were "partially masked" means that Defendant deliberately withheld from Plaintiff digits of the account numbers that Defendant records and retains in Plaintiff's file.

38. Defendant's admission that account numbers were "in some cases scrambled" means that, for an unidentified subset of accounts, the digits Defendant displayed to Plaintiff are not the true digits recorded and retained in Plaintiff's file.

39. Nowhere in the Disclosure does Defendant identify which account numbers were scrambled and which were merely masked.

40. The Disclosure displays the account number for the tradeline styled DISCOVER CARD only as [redacted]

41. The Disclosure displays the account number for the tradeline styled JPMCB CARD SERVICES only as [redacted]

42. The Disclosure displays the account number for the tradeline styled SPRING OAKS CAPITAL LLC only as [redacted]

43. The Disclosure displays the account number for the tradeline styled FNB OMAHA only as [redacted]

44. The Disclosure displays the account number for the tradeline styled TD BANK N.A. only as [redacted]

45. The Disclosure displays the account number for the tradeline styled US BANK only as [redacted]

46. The Disclosure displays the account number for the tradeline styled CITI TY MC/CBNA only as [redacted]

47. Upon information and belief, Defendant records and retains in Plaintiff's file the complete, true account number for each of the foregoing tradelines.

48. Upon information and belief, Defendant discloses complete or more complete account numbers to its subscribers and to furnishers in the ordinary course of its business, including through the Metro 2 Format field designated for the account number.

49. The complete account numbers recorded and retained by Defendant are "information on that consumer recorded and retained by a consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(g) and are therefore part of Plaintiff's file.

50. By partially masking the account numbers, Defendant failed to disclose all information in Plaintiff's file at the time of her request, in violation of 15 U.S.C. § 1681g(a)(1).

51. By scrambling an unidentified subset of the account numbers, Defendant made an affirmatively inaccurate disclosure, because the digits displayed were not the digits recorded and retained in Plaintiff's file, in violation of the requirement of 15 U.S.C. § 1681g(a) that the disclosure be accurate.

52. By scrambling an unidentified subset of the account numbers without identifying which numbers were scrambled, Defendant made a disclosure that was not clear, because Plaintiff cannot determine which displayed digits are true and which are false, in violation of the requirement of 15 U.S.C. § 1681g(a) that the disclosure be clear.

53. Section 1681g(a) contains no exception permitting a consumer reporting agency to mask, truncate, or scramble account numbers in a consumer file disclosure made to the consumer herself.

54. The purported justification stated in the Disclosure, "For your protection", is not a defense recognized by the text of 15 U.S.C. § 1681g(a), which is subject only to the identification requirements of 15 U.S.C. § 1681h(a)(1), and Plaintiff satisfied all identification requirements, as demonstrated by the fact that Defendant delivered the Disclosure to her.

**<u>OMITTED MONTHLY BALANCE AND PAST DUE INFORMATION</u>**

55. For the tradeline styled DISCOVER CARD, the Disclosure reports a current Balance of $14,728, a Pay Status of >Charge-off<, a Date Updated of May 22, 2026, and a monthly payment history grid spanning multiple years.

56. The payment history grid for the DISCOVER CARD tradeline contains columns that Defendant itself labels "Balance", "Past Due", "Remarks", and "Rating".

57. For every month displayed in the DISCOVER CARD payment history grid, the entries in the "Balance" and "Past Due" columns consist solely of dashes and contain no dollar amounts.

58. For the tradeline styled JPMCB CARD SERVICES, the Disclosure likewise reports a Pay Status of >Charge-off< and a monthly payment history grid with "Balance" and "Past Due" columns whose entries consist solely of dashes and contain no dollar amounts.

59. Upon information and belief, furnishers report to Defendant each month, through the Metro 2 Format, the current balance and the amount past due for each account, and Defendant records and retains those monthly balance and past due amounts in Plaintiff's file.

60. The Disclosure itself demonstrates that Defendant records and retains historical balance data for these accounts, because the Disclosure states for the DISCOVER CARD tradeline: "High balance of $14,729 from 12/2023 to 05/2026" and "Credit limit of $13,000 from 12/2023 to 05/2026".

61. Defendant's disclosure of only an aggregated date range for high balance and credit limit, rather than the month by month values recorded and retained in Plaintiff's file, is an omission of information in Plaintiff's file.

62. By printing column headings for "Balance" and "Past Due" and then leaving every monthly entry blank, Defendant represented the format of a complete disclosure while withholding its content.

63. The monthly balance and past due amounts recorded and retained by Defendant are part of Plaintiff's file within the meaning of 15 U.S.C. § 1681a(g).

64. By omitting the monthly balance and past due amounts from the Disclosure, Defendant failed to disclose all information in Plaintiff's file at the time of Plaintiff's request, in violation of 15 U.S.C. § 1681g(a)(1).

## GARBLED AND UNINTELLIGIBLE REMARK ENTRIES

65. The payment history grids in the Disclosure display monthly "Remarks" entries rendered as garbled character strings, including "PRL<", a bare ">" standing alone, and "CBG/>".

66. The Disclosure's remark key defines PRL as "Profit and loss write-off" and defines CBG as "Canceled by credit grantor", but the key does not define the strings "PRL<", ">", or "CBG/>" as displayed.

67. The stray bracket and slash characters appended to the remark codes, and the months in which the entry consists of nothing but a bracket character, make it impossible for the consumer to determine which remark applies to which month, whether a remark applies at all, and what information Defendant actually records and retains for those months.

68. The Disclosure states that brackets "> <" may be used "to indicate information that may negatively affect your credit health", but the brackets in the payment history grids are unpaired, appear attached to code fragments or standing alone, and do not permit the consumer to determine what information is being bracketed.

69. A disclosure that renders the remark content of the consumer's file as unintelligible character fragments is not a clear disclosure and violates the requirement of 15 U.S.C. § 1681g(a) that the consumer reporting agency "clearly and accurately disclose" the information in the file.

**FAILURE TO CLEARLY AND ACCURATELY DISCLOSE THE SOURCES OF THE INFORMATION**

70. The Disclosure lists four addresses for Plaintiff, two telephone numbers, a date of birth, and a former name, but does not identify the source from which Defendant obtained any of those items of personal information.

71. The Disclosure does not identify the source from which Defendant obtained the address reported as 1163 E 13TH ST STE 1 BROOKLYN, NY 11230-4817, reported on August 10, 2025, an address styled as a suite that Plaintiff would need source information to investigate.

72. The Disclosure contains a section entitled "Third Party Supplemental Information" disclosing that Defendant obtained checking account and demand deposit account activity data concerning Plaintiff, and that MIDLAND CREDIT MANAGEMENT caused such data to be requested on July 8, 2024, September 7, 2024, and November 3, 2024.

73. The Third Party Supplemental Information section identifies requests recorded against Plaintiff by the entity styled "TRANSUNION CONSUMER INTE" without clearly explaining what that entity is, on whose behalf it acted, or what information it obtained or supplied.

74. Plaintiff cannot determine from the Disclosure the source of each item of information in her file, including the sources of her identification information, the sources of the supplemental data, and the full identity of the parties that supplied information to Defendant.

75. By failing to clearly and accurately identify the sources of the information in Plaintiff's file, Defendant violated 15 U.S.C. § 1681g(a)(2).

76. The sources disclosure required by 15 U.S.C. § 1681g(a)(2) is automatic upon a file disclosure request and does not require any separate or additional request by the consumer, because

section 1681g(a) requires disclosure of the enumerated items "upon request" for the file disclosure itself.

## THE DISCLOSURE WAS NOT CLEAR AND ACCURATE AS A WHOLE

77. The Spring Oaks Capital LLC tradeline in the Disclosure bears the remark "Account information disputed by consumer (FCRA)", reflecting that Plaintiff previously disputed information in her file and depends on complete and accurate file disclosures to police her file.

78. The Disclosure lists account review inquiries by, among others, DISCOVER CARD, VERIZON WIRELESS, TBOM/ASPIRE, and CAPITAL ONE, demonstrating that Plaintiff's file is live, is maintained by Defendant in the ordinary course, and is accessed in connection with real decisions concerning Plaintiff.

79. Because Plaintiff's file is actively maintained and accessed, the completeness, clarity, and accuracy of Defendant's file disclosure to Plaintiff carries direct and concrete consequences for Plaintiff's ability to monitor and correct what Defendant tells others about her.

80. Taken together, the masked account numbers, the scrambled account numbers, the omitted monthly balance and past due data, the omitted month by month high balance and credit limit values, the garbled remark strings, and the unidentified sources rendered the Disclosure incomplete, unclear, and inaccurate in violation of 15 U.S.C. § 1681g(a).

## WILLFULNESS ALLEGATIONS

81. A defendant willfully violates the FCRA where it acts knowingly or with reckless disregard of its statutory obligations, that is, where its conduct entails an unjustifiably high risk of violating the statute, *see Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58, 69-70 (2007).

82. Defendant generates consumer file disclosures such as the Disclosure through automated systems and standardized templates that Defendant designed, programmed, and controls.

83. The masking and scrambling of account numbers, the suppression of monthly balance and past due values, and the rendering of remark codes are the uniform output of Defendant's template design choices, not clerical accidents unique to Plaintiff.

84. Defendant has known for decades that section 1681g(a) requires it to clearly and accurately disclose all information in the consumer's file, including through the Federal Trade Commission's rulemaking on free annual file disclosures, Free Annual File Disclosures, 69 Fed. Reg. 35468 (June 24, 2004), which addressed the obligations of nationwide consumer reporting agencies in providing file disclosures to consumers.

85. In May 2015, Defendant, together with the other nationwide consumer reporting agencies, entered into an Assurance of Voluntary Compliance with the Attorneys General of thirty-one states concerning its consumer reporting practices, further confirming Defendant's specific notice of its consumer-facing statutory obligations.

86. Defendant has been sued repeatedly by consumers alleging that its file disclosures omit, truncate, or obscure information in the consumer's file, and Defendant has litigated the scope of the section 1681g(a) file, including in *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711-12 (3d Cir. 2010), in which the Third Circuit rejected Defendant's narrow construction of the file.

87. Upon information and belief, Defendant has received repeated complaints from consumers, including complaints submitted through the Consumer Financial Protection Bureau's public complaint database, that its consumer file disclosures are incomplete, truncated, or unintelligible.

88. Notwithstanding that notice, Defendant made a deliberate business decision to continue masking and scrambling account numbers, suppressing monthly balance and past due data, and rendering remarks in garbled form in the file disclosures it delivers to consumers.

89. Upon information and belief, Defendant delivers file disclosures generated from the same templates and containing the same categories of omissions to thousands of other consumers, such that Defendant's violations are systemic rather than isolated.

90. Concealment or obscuring of information that the statute requires to be disclosed supports a finding of willfulness, *see Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 (5th Cir. 2001) (concealment relevant to willfulness under the FCRA).

91. No court of controlling authority and no authoritative agency guidance has ever held that a consumer reporting agency may scramble account numbers, suppress monthly balance and past due history, or garble remark codes in a section 1681g(a) file disclosure, and Defendant's contrary practice is not an objectively reasonable reading of the statute.

92. Defendant's violations of 15 U.S.C. § 1681g(a) were accordingly willful within the meaning of 15 U.S.C. § 1681n or, in the alternative, negligent within the meaning of 15 U.S.C. § 1681o.

**INJURY TO PLAINTIFF**

93. Defendant's failure to clearly and accurately disclose all information in Plaintiff's file, and the sources of that information, decreased Plaintiff's ability to understand her own consumer file disclosure.

94. Defendant's masking and scrambling of account numbers decreased Plaintiff's ability to identify the specific accounts reported in her file and to match each reported account against her own records, statements, and correspondence.

95. Because Defendant scrambled some account numbers without saying which, Plaintiff could not rely on any displayed account number as true, and therefore could not verify whether every account in her file is in fact hers or whether her file contains mixed file content or accounts opened by an identity thief.

96. Defendant's omission of the monthly balance and past due amounts prevented Plaintiff from reconstructing the reported history of her derogatory accounts and from comparing that history against her own records.

97. Defendant's garbled remark strings prevented Plaintiff from understanding what derogatory remarks Defendant records against her and for which months.

98. Defendant's failure to identify sources prevented Plaintiff from determining who supplied each item of information to Defendant, which is the predicate for investigating and disputing that information at its origin.

99. Plaintiff was thereby deprived of information to which 15 U.S.C. § 1681g(a) entitles her, suffering a concrete informational injury of the kind Congress sought to prevent.

100. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages including frustration, confusion, anxiety, aggravation, a sense of helplessness regarding the contents of her own file, and emotional distress.

101. As a further direct and proximate result of Defendant's violations, Plaintiff lost time and incurred effort attempting to decipher the Disclosure, to match masked and scrambled account numbers against her records, and to determine what Defendant actually maintains in her file.

102. Plaintiff's injuries are concrete and particularized, are actual rather than conjectural, and bear a close relationship to harms traditionally recognized as providing a basis for suit, including the harm from being denied information to which one is legally entitled.

## AS AND FOR A FIRST CAUSE OF ACTION

(Willful Violation of 15 U.S.C. § 1681g(a), pursuant to 15 U.S.C. § 1681n)

103. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

104. Defendant violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all information in Plaintiff's file at the time of her request, including by masking account numbers, scrambling account numbers, omitting monthly balance and past due amounts, omitting month by month high balance and credit limit values, and rendering remark codes in garbled and unintelligible form.

105. Defendant violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose to Plaintiff the sources of the information in Plaintiff's file.

106. Defendant's violations were willful within the meaning of 15 U.S.C. § 1681n because Defendant acted knowingly or in reckless disregard of its statutory duties, as alleged above.

107. Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover her actual damages or statutory damages of not less than $100 and not more than $1,000, punitive damages, and her costs together with reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

(Negligent Violation of 15 U.S.C. § 1681g(a), pursuant to 15 U.S.C. § 1681o)

108. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

109. In the alternative, Defendant negligently failed to comply with 15 U.S.C. § 1681g(a)(1) and 15 U.S.C. § 1681g(a)(2) as alleged above.

110. As a direct and proximate result of Defendant's negligent noncompliance, Plaintiff suffered actual damages as alleged above.

111. Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover her actual damages and her costs together with reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant TRANS UNION LLC a/k/a TRANS UNION (OF DELAWARE), LLC as follows:

(a) On the First Cause of Action, actual damages or statutory damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3);

(b) On the Second Cause of Action, actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2);

(c) Prejudgment and postjudgment interest to the fullest extent permitted by law; and

(d) Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues and causes of action so triable in this action.

Dated: New York, New York
August 14, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC

By: s/ Elliot M. Elo
Elliot M. Elo, Esq.

42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
Attorney for Plaintiff

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

ELLIOT M. ELO, ESQ., an attorney duly admitted to practice law before the courts of the State of New York, affirms the following to be true under the penalties of perjury pursuant to CPLR 2106:

1. I am the attorney of record for Plaintiff EVA COLEMAN a/k/a EVA FEDER in the above-captioned action, and I maintain my office in the County of New York, State of New York.

2. I have read the foregoing verified complaint and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

3. This verification is made by me and not by Plaintiff pursuant to CPLR 3020(d)(3) because Plaintiff resides in the County of Kings, which is not the county where I maintain my office.

4. The grounds of my belief as to all matters not stated upon my own knowledge are the documents, records, and file materials maintained in my office concerning this matter, including the consumer file materials referenced in the verified complaint, and communications concerning this matter.

Dated: New York, New York
August 14, 2026

s/ Elliot M. Elo
Elliot M. Elo, Esq.